**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4308**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDON MARQUETTE JOINER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, District Judge. (3:06-cr-0059-MBS-6)

Submitted: October 18, 2007          Decided: October 23, 2007

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Leesa Washington, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Marquette Joiner pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2000). Joiner was sentenced to 151 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but questioning whether the district court erred in its application of the Sentencing Guidelines. Joiner was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responsive brief.

Counsel contends the district court erred in denying Joiner a two-level decrease under U.S. Sentencing Guidelines Manual § 3E1.1 (2005). When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level decrease to the offense level if a defendant clearly demonstrates acceptance of responsibility. In determining whether a defendant qualifies for the decrease, the district court may consider a variety of factors, including whether the defendant has

- 2 -

voluntarily terminated or withdrawn from criminal conduct or associations. USSG § 3E1.1, comment. (n.1(b)). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," his determinations are "entitled to great deference on review." Id. at comment. (n.5).

Testimony presented at sentencing established that Joiner was involved in the distribution of a controlled substance subsequent to the entry of his guilty plea. It was likewise established that Joiner continued to reside in a home wherein controlled substances and firearms were discovered. The court found this testimony persuasive and concluded that Joiner was not entitled to acceptance of responsibility because of his failure to withdraw from criminal conduct and associations. As the district court's findings were not clearly erroneous, we conclude § 3E1.1 was properly applied.

Counsel additionally contends the district court erred in its application of USSG § 5C1.2 (2005) (applying 18 U.S.C. § 3553(f) (2000) ("the safety valve")). Joiner, who was provided several opportunities to furnish the Government with information and evidence concerning the conspiracy, failed to offer evidence establishing truthful disclosure. See United States v. Beltran-Ortiz, 91 F.3d 665, 669 (4th Cir. 1996) (recognizing burden rests on defendant to prove prerequisites for application of the safety valve provision have been met). The Government maintained Joiner

was untruthful during these debriefings and submitted investigation reports memorializing the evolution of Joiner's statements. Joiner did not dispute the information contained in these reports. After reviewing the reports and hearing extensive argument, the district court ultimately concluded that Joiner was not entitled to application of the safety valve because he failed to truthfully disclose information and evidence regarding the conspiracy. Under these circumstances, we conclude the district court appropriately denied application of the safety valve.

As the district court properly calculated and considered the advisory guideline range and weighed the relevant 18 U.S.C. § 3553(a) factors, we conclude Joiner's 151-month sentence, which is at the lowest end of the applicable guideline range and below the statutory maximum, is reasonable. See Green, 436 F.3d at 457; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED